UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD BASSHAM, | ) |
| Plaintiff, | ) |
| VS. | ) No. 15-1272-JDT-egb |
| BERNHARD DIETZ, ET AL. | ) |
| Defendants. | ) |

ORDER ON PENDING MOTIONS AND
EXTENDING DEADLINE FOR AMENDING PLEADINGS

On November 9, 2015, the *pro se* Plaintiff, James Edward Bassham, filed a complaint pursuant to 42 U.S.C. § 1983 while he was an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville Tennessee.[1] (ECF No. 1.) The Court issued an order on December 11, 2015, dismissing portions of the complaint *sua sponte* and directing that process be served on the remaining Defendants: Kenneth Beard, a dentist at the HCCF; Dr. Bernhard Dietz, the HCCF Medical Director; Centurion Inc. ("Centurion"); and the Corrections Corporation of America ("CCA").[2] An answer was filed on behalf of all of the Defendants except for Centurion (ECF No. 20), and a scheduling order was entered on February 22, 2016 (ECF No. 21). In accordance with that scheduling order, the deadline for completing discovery was July 18, 2016. (*Id.* at 1.)

---

[1] Plaintiff was released from prison on or about September 12, 2016. (*See* ECF No. 69 at 1; ECF No. 73.)

[2] CCA is now known as CoreCivic. *See* www.cca.com/insidecca/corrections-corporation-of-America-rebrands-as-corecivic.

On August 1, 2016, Plaintiff filed a motion for appointment of counsel. (ECF No. 48.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Plaintiff has not demonstrated that the Court should exercise its discretion to appoint counsel. The fact that Plaintiff is *pro se* does not serve to distinguish this case from the many other cases filed by *pro se* litigants who are not trained attorneys. Therefore, the motion for appointment of counsel is DENIED.

The process issued for Centurion was returned unexecuted by the U.S. Marshal on January 12, 2016. (ECF No. 12.) However, Plaintiff subsequently filed a motion to voluntarily dismiss any claims against Centurion. (ECF No. 25.) That motion is GRANTED.

On May 2, 2016, Plaintiff filed a motion to amend the complaint (ECF No. 23) accompanied by a proposed amendment (ECF No. 23-1). The Defendants filed a response in opposition to the motion. (ECF No. 26.) Defendants' objection is based on the fact that Plaintiff's motion did not fully state the additional claims and factual allegations that are set out in the proposed amendment. However, while the motion to amend may not have accurately described the amendment, the attached amendment speaks for itself. Therefore, it cannot be said that Plaintiff misled either the Defendants or the Court concerning his intent. Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court "should freely give leave" to amend "when justice so requires."

Nevertheless, in a reply to Defendants' response in opposition, Plaintiff states that he wishes to withdraw the motion and proposed amendment in order that he might re-file both to more fully set forth his claims and include additional information. (ECF No. 29 at 3.) On May 16, 2016, Plaintiff also filed a motion to extend the deadline for amending pleadings. (ECF No. 31.) Defendants have not responded to that motion.

Accordingly, Plaintiff's motion to amend the complaint (ECF No. 23) is DENIED as moot. The motion to extend the deadline for amending pleadings is GRANTED.

Plaintiff filed a motion to compel discovery on April 18, 2016 (ECF No. 24); he filed a similar motion seeking to compel production of the same information on June 6, 2016 (ECF No. 34). Plaintiff first sought production of "any and all corporate policies of [CCA], regarding medical procedures, including but not limited to the writing of prescription medications." (ECF No. 34-2 at 1, Req. for Disc. No. 2.) Defendants responded to that request by producing an Access to Health Care policy and advising that other policies could be found in the HCCF Inmate Handbook, a copy of which was in Plaintiff's possession. (*Id.*) However, Defendants also objected "to the disclosure

of any other medical policies as they are confidential and are not to be disclosed to inmates for institutional safety and security reasons." (*Id.*)

In the motion to compel, Plaintiff states that Defendants provided only a Tennessee Department of Correction ("TDOC") policy but did not provide any CCA policies as he requested. In response, Defendants state that because CCA houses TDOC inmates, the TDOC policy was adopted and implemented by CCA. Defendants also point out that the TDOC policy that was provided specifically states that it applies to privately managed facilities. (*See* ECF No. 27-1 at 1.) However, Defendants do *not* state that there are no other CCA policies that would be responsive to Plaintiff's request. Defendants also fail to sufficiently explain their broad assertion that any other medical policies should be confidential for "safety and security reasons." Therefore, the Court will require further response to this request for production.

Plaintiff also sought production of copies of any and all employment contracts entered into between Defendants Dietz and CCA and between Defendants Beard and CCA. (ECF No. 34-2 at 2-3, Req. for Disc. Nos. 3 & 4.) In response to these requests, Defendants objected that the "information is entirely irrelevant to the case at hand, it is outside the scope of discoverable evidence, and it is not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)

Plaintiff states in his motion to compel that the information is needed "to establish motive behind Defendants' unconstitutional conduct." (ECF No. 24 at 1-2.) However, as the Defendants have pointed out, the complaint contains no allegations that the medical and/or dental care provided to Plaintiff by Defendants Beard and Dietz was motivated or affected in any way by the terms of their employment contracts. Because Plaintiff has not sufficiently explained how the employment contracts are relevant to Defendants' motives, the Court finds the Defendants' objections are proper.

The motions to compel discovery are GRANTED with regard to Plaintiff's Request for Discovery No. 2 but are DENIED with respect to Plaintiff's requests for production of Defendants' employment contracts with CCA.

On July 13, 2016, Plaintiff filed a motion for leave to submit additional interrogatories to the Defendants, pursuant to Rule 32(a)(1) of the Federal Rules of Civil Procedure. (ECF No. 41.) He filed an amended motion that included his additional proposed interrogatories on August 5, 2016. (ECF No. 50.) In their response in opposition to the motion, Defendants state that Plaintiff has already served thirty-seven interrogatories on Defendant Dietz and thirty interrogatories on Defendant Beard. (ECF No. 58 at 2.) Rule 32 allows a party to serve only twenty-five written interrogatories on any other party without leave of Court.[3] The Court must deny leave and limit discovery if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Local Rule 26.1 also requires "a statement as to the necessity for additional discovery, its relevance or likelihood to lead to admissible evidence, and the fact that it cannot be obtained from other sources."

Defendants oppose the additional interrogatories requested by Plaintiff, first asserting that Plaintiff failed to consult with counsel prior to filing his motion, as required by Local Rule 7.2(a). However, Plaintiff disputes this assertion and states that he does not know why the Defendants attached to their response a different letter instead of the signed and notarized letter of consultation he actually sent.

---

[3] Although Plaintiff did not seek leave of Court to file the previous additional interrogatories, Defendants answered those interrogatories. (*Id.*)

Defendants also contend Plaintiff has not set forth sufficient grounds regarding the necessity for the additional interrogatories, arguing that his statements in that regard are conclusory and speculative. Plaintiff asserts that his statements regarding necessity are sufficient because he asserts that the information requested is needed to substantiate particular facts in his complaint. However, such a broad statement of necessity is not enough. The general purpose of all discovery is to substantiate the facts of the case. Particularly with regard to a request to serve more than the twenty-five interrogatories allowed by Rule 33(a)(1), a party must explain why *additional* discovery is needed, *i.e.*, why he chose not to seek the information in prior interrogatories or in other types of discovery such as document requests or requests for admission. Or, if the party did seek the same or similar information in other types of discovery requests, he must explain why the interrogatories should not be deemed cumulative or duplicative.[4]

Notwithstanding Plaintiff's arguments, the Court finds he has not demonstrated that the additional interrogatories are necessary in this case. Therefore, the motions for leave to serve the additional discovery are DENIED.

Plaintiff filed a motion on August 8, 2016, asking the Court to order the Defendants to pay for medical treatment that he received at Vanderbilt University Medical Center while he was incarcerated at the HCCF. (ECF No. 52.) That motion is DENIED. Defendants state there are procedures that outside medical providers must follow in order to have an inmate's medical bills paid and that there is an administrative review procedure if payment is denied. Furthermore, any order for the Defendants to pay such a bill at this time would not be appropriate because it has not been established that Plaintiff is entitled to relief.

---

[4] Neither Plaintiff nor the Defendants have attached Plaintiff's prior discovery requests and response. Therefore, the Court cannot determine whether the proposed interrogatories would be cumulative or duplicative.

Before the Defendants filed their motion for summary judgment, they sought and received leave to file the motion under seal due to privacy concerns because of the medical information contained therein. (ECF Nos. 54 & 55.) This is standard procedure and is necessary under applicable privacy laws. Plaintiff then filed an objection to the sealing of the motion, stating "individuals who may be following this instant case, may need to see the documents being presented, which may help them and others to fight against those who are severely and deliberately indifferent to serious medical concerns." (ECF No. 60.) He requests that a redacted motion be filed instead. (*Id.*) Plaintiff also filed a motion to alter or amend the order sealing the motion. (ECF No. 61.) That motion is DENIED. When a motion contains extensive discussion of a party's medical history and treatment and includes medical records as exhibits, redaction is seldom a useful alternative.

On May 23, 2016 and July 5, 2016, Plaintiff filed motions for immediate injunctive relief. In the May 23 filing, he sought an injunction prohibiting HCCF officials from enforcing a five-ounce per week limit on legal mail, contending that it constituted a denial of access to the courts. (ECF No. 32.) The July 5 filing sought immediate medical treatment for severe headaches and to be transferred to the Deberry Special Needs Facility. (ECF No. 39.) However, as stated, *supra* note 1, Plaintiff has been released from prison. Therefore, these motions for injunctive relief are DENIED as moot.

Plaintiff also filed a motion for an "emergency" injunction on September 12, 2016 (ECF No. 69), only four days prior to his release. He sought an order requiring HCCF officials to give him a blank CD so that he could transfer his legal documents from the prison library computer before he left. That motion is also DENIED as moot. Defendants state that the HCCF Librarian printed

copies of Plaintiff's legal documents and placed them in a box which he was then given when he was released.

In summary:

Plaintiff's motion to appoint counsel is DENIED. (ECF No. 48.) The motion to voluntarily dismiss Centurion from this action is GRANTED. (ECF No. 25.) Plaintiff's motion to amend the complaint (ECF No. 23) is DENIED on the basis of his request to withdraw that motion and the proposed amendment. However, the motion to extend the deadline for amending pleadings (ECF No. 31) is GRANTED; therefore, **the deadline for filing motions to amend pleadings or join parties is extended to April 29, 2017.**

Plaintiff's motions to compel discovery (ECF Nos. 24 & 34) are GRANTED with regard to his Request for Discovery No. 2, seeking production of CCA's corporate medical policies. It is ORDERED that Defendants shall, within twenty (20) days after the date of this order, either serve Plaintiff with copies of the requested policies or serve and file with the Court a more specific response or objection, as explained above. However, the motions to compel are DENIED as to Plaintiff's Requests for Discovery Nos. 3 and 4, seeking production of employment contracts.

Plaintiff's motions to serve additional interrogatories are DENIED. (ECF Nos. 41 & 50.) The motion to compel payment of Plaintiff's medical bill (ECF No. 52) and the motion to alter or amend the sealing order (ECF No. 61) are both DENIED. Finally, all motions for injunctive relief are DENIED as moot. (ECF Nos. 32, 29 & 69.)

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE